UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JERMAINE JONES,
    Petitioner,

v.

JEFF LYNCH,
    Respondent.

Case No. 21-cv-07157-RS (PR)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254. The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. The petition states cognizable claims. Respondent shall file a response to the petition on or before **August 21, 2023**.

The petition may be untimely. Petitioner was convicted in 2018, but he did not file his federal habeas petition until 2021. (Dkt. No. 9.) The petition was dismissed in December 2021 and petitioner did not file a motion to reopen until November 2022. (Dkt. Nos. 7 and 10.) On these facts, it appears the petition was not filed within AEDPA's one-year limitations filing period. If respondent concludes the petition is untimely, he may wish to file a motion to dismiss on grounds of untimeliness, but he is not required to file one.

The Clerk shall enter Jeff Lynch, the warden of the prison in which petitioner is housed, as the respondent in this action, and terminate the Secretary of the CDCR and the San Mateo Superior Court. Lynch is the sole proper respondent, as he is the custodian having day-to-day control over petitioner, the only person who can produce "the body" of the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)).

## BACKGROUND

According to the state appellate opinion, in 2018 a San Mateo County Superior Court jury convicted petitioner of murder, shooting at an occupied vehicle, and possessing a firearm as a felon. *People v. Jones*, No. A155649, 2020 WL 6578338, at *2 (Cal. Ct. App. Dec. 2, 2022). Various sentencing enhancement allegations were found true. *Id.* A sentence of life without possibility of parole plus 34 years to life was imposed. *Id.* Petitioner's attempts to overturn his convictions in state court were unsuccessful. This federal habeas petition followed.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner contends (1) a special circumstance enhancement is invalid because the enhancement fails to comply with the narrowing requirements of the Eighth Amendment; (2) the trial court violated petitioner's constitutional rights in the ways stated in the petition; (3) trial counsel rendered ineffective assistance in the ways stated in the petition; (4) there was cumulative error; and (5) the prosecutor committed misconduct in the ways stated in the petition. When liberally construed, these claims are cognizable on federal habeas review and shall proceed.

**MOTION FOR COUNSEL**

The Court construes petitioner's "Notice of Statement of Parolee or Mandatory Releasee Concerning Appointment of Counsel Under the Criminal Justice Act" as a motion for the appointment of counsel. (Dkt. No. 13.) There is no right to counsel in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). A district court is authorized under 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court, *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be granted only when exceptional circumstances are present. *See generally* 1 J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and Procedure* § 12.3b at 383-86 (2d ed. 1994).

Petitioner has not shown that there are exceptional circumstances warranting the appointment of counsel. The Clerk shall terminate Dkt. No. 13.

**CONCLUSION**

1. The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on petitioner.

2. On or before **August 21, 2023**, respondent shall file with the Court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **August 21, 2023**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. The filing fee has been paid. (Dkt. No. 12.)

9. The Clerk shall terminate the Secretary of the CDCR and the San Mateo Superior Court as a respondent. Jeff Lynch is the sole proper respondent in this action.

10. Petitioner's motion for the appointment of counsel is DENIED. (Dkt. No. 13.) The Clerk shall terminate Dkt. No. 13.

**IT IS SO ORDERED.**

**Dated:** April 10, 2023

_____
RICHARD SEEBORG
Chief United States District Judge

ORDER TO SHOW CAUSE
Case No. 21-cv-07157-RS

4